UNITED STATES DISTRICT COURT
DISTRICT OF NEVADA

| | |
|---|---|
| Tyrone Noel Nunn, | Case No. 2:24-cv-02118-CDS-NJK |
| Plaintiff | **Order Dismissing and Closing Case** |
| v. | |
| High Desert State Prison, et al., | |
| Defendants | |

Plaintiff Tyrone Noel Nunn brings this civil-rights action under 42 U.S.C. § 1983 to redress constitutional violations that he claims he suffered while incarcerated. ECF No. 4. On June 20, 2025, I ordered Nunn to file an amended complaint by July 21, 2025. ECF No. 3 at 5. I warned Nunn that the action could be dismissed if he failed to file an amended complaint by that deadline. *Id.* That deadline expired, and Nunn did not file an amended complaint, move for an extension, or otherwise respond.

I.  Discussion

District courts have the inherent power to control their dockets and "[i]n the exercise of that power, they may impose sanctions including, where appropriate . . . dismissal" of a case. *Thompson v. Hous. Auth. of City of Los Angeles*, 782 F.2d 829, 831 (9th Cir. 1986). A court may dismiss an action based on a party's failure to obey a court order or comply with local rules. *See Carey v. King*, 856 F.2d 1439, 1440-41 (9th Cir. 1988) (affirming dismissal for failure to comply with local rule requiring pro se plaintiffs to keep court apprised of address); *Malone v. U.S. Postal Service*, 833 F.2d 128, 130 (9th Cir. 1987) (dismissal for failure to comply with court order). In determining whether to dismiss an action on one of these grounds, I must consider: (1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and

(5) the availability of less drastic alternatives. *See In re Phenylpropanolamine Prod. Liab. Litig.*, 460 F.3d 1217, 1226 (9th Cir. 2006) (quoting *Malone*, 833 F.2d at 130).

The first two factors, the public's interest in expeditiously resolving this litigation and the court's interest in managing its docket, weigh in favor of dismissing Nunn's claims. The third factor, risk of prejudice to defendants, also weighs in favor of dismissal because a presumption of injury arises from the occurrence of unreasonable delay in filing a pleading ordered by the court or prosecuting an action. *See Anderson v. Air West, Inc.*, 542 F.2d 522, 524 (9th Cir. 1976). The fourth factor—the public policy favoring disposition of cases on their merits—is greatly outweighed by the factors favoring dismissal.

The fifth factor requires the court to consider whether less drastic alternatives can be used to correct the party's failure that brought about the court's need to consider dismissal. *See Yourish v. Cal. Amplifier*, 191 F.3d 983, 992 (9th Cir. 1999) (explaining that considering less drastic alternatives *before* the party has disobeyed a court order does not satisfy this factor); *accord Pagtalunan v. Galaza*, 291 F.3d 639, 643 & n.4 (9th Cir. 2002) (explaining that "the persuasive force of" earlier Ninth Circuit cases that "implicitly accepted pursuit of less drastic alternatives prior to disobedience of the court's order as satisfying this element[,]" i.e., like the "initial granting of leave to amend coupled with the warning of dismissal for failure to comply[,]" have been "eroded" by *Yourish*). Courts "need not exhaust every sanction short of dismissal before finally dismissing a case, but must explore possible and meaningful alternatives." *Henderson v. Duncan*, 779 F.2d 1421, 1424 (9th Cir. 1986). Because this action cannot realistically proceed until and unless Nunn files an amended complaint, the only alternative is to enter a second order setting another deadline. But the reality of repeating an ignored order is that it often only delays the inevitable and squanders the court's finite resources. The circumstances here do not indicate that this case will be an exception: there is no hint that Nunn needs additional time or evidence that he did not receive my screening order. Setting another deadline is not a meaningful alternative given these circumstances. So the fifth factor favors dismissal.

## II. Conclusion

Having thoroughly considered these dismissal factors, I find that they weigh in favor of dismissal. It is therefore ordered that this action is dismissed without prejudice based on Nunn's failure to file an amended complaint in compliance with my June 20, 2025, order and for failure to state a claim.

I order that the application to proceed *in forma pauperis* **[ECF No. 1] is granted**. This status doesn't relieve Nunn of his obligation to pay the full $350 filing fee under the statute; it just means that he can do it in installments. The full $350 filing fee remains due and owing even though this case is being dismissed.

To ensure Nunn pays the full filing fee, I order that the Nevada Department of Corrections must pay to the Clerk of the United States District Court, District of Nevada, 20% of the preceding month's deposits to the account of **Tyrone Noel Nunn, #1252474** (in months that the account exceeds $10.00) until the full $350 filing fee has been paid for this action.

The Clerk is directed to send a copy of this order (1) to the Finance Division of the Clerk's Office and (2) to the attention of **Chief of Inmate Services for the Nevada Department of Corrections** at formapauperis@doc.nv.gov.

The Clerk of Court is further directed to enter judgment accordingly and close this case. No other documents may be filed in this now-closed case. If Nunn wishes to pursue his claims, he must file a complaint in a new case.

Dated: August 11, 2025

_____
Cristina D. Silva
United States District Judge